IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GWEN SHEPHERD,

        Plaintiff,

vs.                                                         CIVIL NO. 01-336 MV/LFG-ACE

OCWEN FEDERAL BANK FSB
and AURORA LOAN SERVICING
INCORPORATED,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING IN PART AND GRANTING IN PART
## PLAINTIFF'S MOTION TO COMPEL
## AURORA'S ANSWERS AND RESPONSES

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant Aurora's Answers and Responses to Plaintiff's Discovery and to Determine Sufficiency of Admissions [Doc. 50].

Plaintiff Gwen Shepherd ("Shepherd") contends that <u>Interrogatory No. 2</u> was not completely answered. In this interrogatory, Shepherd asked, "Identify and state in detail the Defendant's Policies, Procedures and Rules that are to be followed for customer complaints and comments for the last 4 years." In response, Aurora Loan Servicing, Incorporated ("Aurora") answered, "Historically, if a customer service telephone representative received a call that could not be handled while on the telephone, the phone representative would send a task/action inquiry form to the customer service research department with an explanation of the additional research required. This has been the procedure for customer service since approximately 1994."

In its argument in support of the motion to compel, Shepherd states, "Defendant failed to provide all policies and procedures in handling of Consumer Loans and the Plaintiff's loan, for loans categorized as late or delinquent or loans reported to Credit Bureau, or with cease and desist requests by customers."

An examination of the interrogatory shows that Shepherd asked Aurora to simply explain the policies, procedures and rules followed for customer complaints, and Aurora adequately answered. Since then, however, the parties executed a confidentiality order. Thus, there is no longer any impediment to Aurora making available for Shepherd's inspection any policy manual that details Aurora's procedures for handling customer complaints.

In <u>Interrogatory No. 3</u>, Shepherd asked Aurora to "Identify and state in complete detail all Defendants' information and statements (and produce all documentation in the Request for Production) contained in Plaintiff's file." Aurora responded that Plaintiff's entire file was transferred to Ocwen for servicing and that copies retained by Aurora have been produced or are being produced with the response. Thus, if Aurora has produced the file containing all information and statements contained in Shepherd's file, nothing more need be produced. The Court denies Shepherd's request for supplementation to Interrogatory No. 3.

In <u>Interrogatory No. 5</u>, Shepherd asks Aurora to "Identify and state in complete detail all statements and information (and provide all documentation in Request for Production) pertaining to Defendants collection of Plaintiff's Loan debt."

In response to this interrogatory, Aurora simply refered to its prior response to Interrogatory No. 3. This is improper. Answers to interrogatories may not ordinarily incorporate by reference information contained in documents outside the answers or in addenda. <u>Pilling v. General Motors</u>

Corp., 45 F.R.D. 366, 369 (D. Utah 1968). So, too, answers containing a broad statement that information is available from a mass of other documents and the documents are available for inspection is insufficient. Willner v. Univ. of Kansas, 848 F.2d 1023, 1029 (10th Cir. 1988). Thus, the Court will grant Shepherd's motion to compel a response to Interrogatory No. 5. In its response, Aurora should detail with specificity actions it took pertaining to its collection of Shepherd's loan debt.

In Interrogatory No. 7, Shepherd asked Aurora to "Identify and state in complete detail all information (and all documentation in Request for Production) regarding collection procedures of Plaintiff's loan debt." This interrogatory further asked Aurora to "Identify and explain in detail why Plaintiff's loan debt was listed and categorized as late and assessed late fees." As the first part of this interrogatory is, essentially, identical to Interrogatory No. 5, the Court will not require a separate response to the this interrogatory, as it has ordered a response to the prior interrogatory. Further, Aurora appropriately responded to the second portion of the interrogatory by stating that Plaintiff's loan was listed as late and assessed late fees because, according to a payment schedule beginning September 2, 1998, it was late. This response is sufficient and no further response is required.

Regarding Request for Production Nos. 1 and 2, Shepherd also argues that Aurora's responses for production of documents are inappropriate. Aurora responds that it does not possess Shepherd's loan file and has produced all remaining documents pertaining to Plaintiff's loan file, which are in its possession.

The Court cannot compel a party to produce that which it does not have. The Court takes Aurora at its word that all documents relating to Shepherd's file have been produced. Of course, should Aurora find any additional documents relating to Shepherd's file, it is obligated to supplement

3

its production. Should Aurora not produce a document, it would be precluded from offering such a document in defense of its case. Based on the responses, the Court does not order any further production of documents identified in Request Nos. 1 or 2.

In <u>Request for Production No. 3</u>, Shepherd asked Aurora to "Produce and provide copies of all documents regarding policies and procedure rules regarding loan transfers on sales of loan documents." Aurora objected on the ground that this Request was unduly burdensome, that its policy and procedure matters were confidential, and that there were no policy and procedure manuals in effect at the time it serviced the loan.

Since the response on this Request, the parties have executed a confidentiality order. Thus, to the extent Aurora did not make its policy and procedure manuals available for Shepherd's inspection out of a concern that the documents would be shared with competitors, that concern is obviated. The second objection concerning the applicability of the present policy and procedure manuals to the loan in question, may be raised as an objection at trial. The Court will, however, allow discovery of this information. Thus, the Court overrules Aurora's objection to Request for Production No. 3 and requires that, at a convenient time and place, Aurora make available for inspection its policy and procedure manual concerning loan transfers, sales and service. Shepherd, of course, is bound by the provisions of the protective order.

In <u>Request for Production No. 4</u>, Shepherd asked Aurora to "Produce and provide copies of all documents regarding the original Loan instrument and Promissory Notes." Aurora appropriately answered that it does not have the original loan documents. Moreover, it responded that it has provided its entire file to Shepherd. The Court sustains Shepherd's objections and does not require anything further in reference to this Request for Production.

In Request for Production No. 6, Shepherd asked that Aurora "Produce and provide copies of all documents, tapes, memos, emails, computer information regarding Plaintiff's loan." In response, Aurora stated that it has produced all documents, except attorney-client privileged documents dated after the filing of this lawsuit. This response is sufficient, and the Court does not require Aurora to produce further documentation.

The last segment of Shepherd's motion concerns sufficiency of requests for admission. Rule 36 establishes a procedure whereby one party serves requests for admissions on another party, who must investigate and either admit, deny with specificity or object to the requested admission.

When a party who served the request for admission believes, as here, that the response was insufficient, it may ask the Court to determine the sufficiency of the response. "Insufficient" refers to the specificity of the response, not whether the response is correct or in good faith. Foretech v. McCain Foods, Ltd., 81 F.3d 722, 726 (7th Cir. 1996); Barker, McKee, Jansen, Carr, Federal Civil Rules Handbook, p. 565 (2000).

Virtually all of Shepherd's complaints about the admission fall in this category. That is, Shepherd seeks to convince the Court that Aurora should not be denying the requests because there is evidence, according to Shepherd, that supports an admission. That determination is premature. Should Shepherd ultimately prevail and demonstrate that Aurora should have made an admission, Shepherd may pursue costs under Rule 37(c).

Shepherd objects to the response to Request for Admission No. 1 which asked Aurora to admit or deny if it was the holder in due course. Aurora denied the Request, stating that it was a servicing agent for the holder in due course.

In her motion to compel, Shepherd argues, "Defendant, in Admission # 1, has not supplied

5

exact location, contact person, and phone numbers of individuals who were communicated with, and where original loan documents/promissory notes are secured for Plaintiff's inspection."

This argument has nothing to do with the sufficiency of the response. The Court determines that Aurora has denied the Request for Admission No. 1, and no further response is necessary.

In Request for Admission No. 3, Shepherd asked Aurora to admit or deny if Plaintiff's loan payment was due on the 22nd day of each month. Aurora denied the Request for Admission and stated that, "Per the Note, it was due the 2d day of each month." The denial is express and unambiguous and no further response is necessary.

In Request for Admission No. 4, Shepherd asked Aurora to admit or deny that "Defendant contacted Plaintiff by telephone after they were notified by Plaintiff not to contact her." In response, Aurora admitted that Plaintiff made the request for no calls and denies that Aurora did not comply with the request. As in the prior answer, Aurora's denial is clear and unambiguous. The Court will not require a further response.

In Request for Admission No. 5, Shepherd asked Aurora to admit or deny that "Documentation shows that Defendant changed the payment due date of the 22nd of the month to the 2nd of the month on Plaintiff's loan payments." While this request to admit or deny is awkwardly worded, Aurora responded as follows, "Admitted that the due date was changed, denied that Aurora made that change. Southern Pacific Funding Corp. made that change on or about September 29, 1998, before the servicing was transferred to Aurora."

Again, Aurora's denial is clear, unequivocal, and unambiguous. No further response is required.

In Request for Admission No. 7, Shepherd asked Aurora to admit or deny that "Defendant

6

made collection calls to Plaintiff after Plaintiff requested Defendant to cease and desist." Aurora admitted that Plaintiff requested no calls, but denied that Aurora did not comply with Shepherd's request.

Again, Aurora's answer is unequivocal and unambiguous. No further response is necessary.

In <u>Request for Admission No. 9</u>, Shepherd asked Aurora to admit or deny "Defendant changing the due date on Plaintiff's loan is a violation of the Unfair [Trade] Practices Act." Aurora denied the request and further stated it did not change the due date.

The Court determines that Aurora's response is appropriate and that no further response is necessary.

In <u>Request for Admission No. 10</u>, Shepherd asked Aurora to admit or deny "Defendant making collection calls after Plaintiff said `stop calling me' violates the Fair Debt Collection practices." Aurora denied this Request for Admission, but offered no explanation. A request for admission is not objectionable because it involves an opinion or contention that relates to fact or the application of law to fact. <u>Marchond v. Mercy Medical Center</u>, 22 F.3d 933 (9th Cir. 1994). This denial is the one most troubling to the Court, because if an admission should have been made and was not, and if Shepherd is put to the test of proving her allegations and the Court determines that the Request should have been admitted, the Court may assess costs under Rule 37(c) as appropriate.

In sum, the motion to compel is granted in only limited part. The Court does not find bad faith in refusing to respond to interrogatories, production of documents or requests for admission. Indeed, for the most part, the Court sustained Defendant's objections. Accordingly, Shepherd's request for costs and fees is denied.

*Lorenzo F. Garcia*
Lorenzo F. Garcia, U.S. Magistrate Judge