IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GWEN SHEPHERD,

        Plaintiff,

  vs.                                    CIVIL NO. 01-336 MV/LFG-ACE

OCWEN FEDERAL BANK FSB
and AURORA LOAN SERVICING
INCORPORATED,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# GRANTING IN PART AND DENYING IN PART
# PLAINTIFF'S MOTION TO COMPEL
# AND DENYING REQUEST FOR COSTS AND FEES

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant Ocwen's Answers and Responses to Plaintiff's Discovery and to Determine Sufficiency of Admissions [Doc. 65]. In accord with the district's motion practice rule, the motion, response and reply were filed simultaneously. Oral argument is not necessary.

Plaintiff Gwen Shepherd ("Shepherd") moves the Court to compel Defendant Ocwen Federal Bank, FSB ("Ocwen") to answer or to supplement answers to various interrogatories and requests for production and to determine the sufficiency of various admissions.

In <u>Interrogatory No. 2</u>, Shepherd asks Ocwen, "Identify and state in detail the Defendant's Policies, Procedures and Rules that are to be followed for customer complaints and comments for the last 6 years." While Ocwen filed blanket objections concerning time, scope, relevancy, over breadth and burdensomeness of the interrogatory and proposed response, it offered to make available, at a

mutually convenient time and place, its training materials in place from 1999 through the present concerning collections and collection claims. Since then, the parties executed a protective order.

The Court believes that with the protective order in place and with Ocwen's offer to make its manuals available, nothing further is required in response to this interrogatory. Instead, and in accord with Defendant's offer, arrangements should be made to allow for an inspection of Defendant's training manuals.

In <u>Interrogatory No. 4</u>, Shepherd asks Ocwen to "Identify and state in complete detail any statements and/or audio recordings (and produce all documents in Request for Production) made by any Defendants, employees, agents or any individuals regarding Plaintiff's Loan." Setting aside Ocwen's blanket objections, Ocwen states that it provided a copy of its comment log to Shepherd's counsel and that said log showed there were never communications with Shepherd where she answered her phone and conversed with an Ocwen representative, or where she called Ocwen and conversed with any Ocwen representative. The messages shown on the computer log indicate a call was completed to Shepherd, leaving a message to have her call, and there are no audio recordings known to exist of any calls or communications.

The Court determines that the interrogatory response is sufficient and that no further response need be made to Interrogatory No. 4.

In <u>Interrogatory No. 5</u>, Shepherd asks Ocwen to "Identify and state in complete detail all statements and information (and provide all documentation in Request for Production) pertaining to Defendants collection of Plaintiff's Loan debt." Apart from its litany of blanket objections, Ocwen states that it provided a copy of its comment log to Shepherd's counsel, which indicate the type of written and oral communications made, and there are no other recordings of calls or communications.

2

The Court determines that the response is appropriate to the question asked and that no further response is necessary.

In Interrogatory No. 6, Shepherd requests that Ocwen "Identify and state in complete detail all statements and information . . . regarding the exact day the Plaintiff's Loan was funded." In responding to this interrogatory, Ocwen simply states, "The documentation pertaining to the date of the loan funding is in Plaintiff's possession."

This is not an appropriate response. Answers containing a broad statement that the information is available from a mass of documents is insufficient. Willner v. Univ. of Kansas, 848 F.2d 1023 (10th Cir. 1988)(responding party may not refer to a mass of documents in response to interrogatories); Flower Mills of America, Inc. v. Pace, 75 F.R.D. 676 (E.D. Okla. 1977).

It is only fair for Shepherd to be advised of Ocwen's position concerning the date of the loan funding. Accordingly, the Court directs Ocwen to fully respond to Interrogatory No. 6.

In Interrogatory No. 7, Shepherd asks Ocwen to "Identify and state in complete detail all information . . . regarding collection procedures of Plaintiff's loan debt." Ocwen states numerous general objections, but then answers that it will make available for inspection, at its offices at a mutually convenient time, all of its training materials in place from October 1999 through the present on collection procedures and the process for handling collection claims.

Since the response to this interrogatory, the Court entered a protective order that alleviates Ocwen's concerns on proprietary information. Accordingly, with Ocwen's offer to make its documents available, no further response to this interrogatory is required.

In Interrogatory No. 8, Shepherd asks Ocwen to "Identify and state in complete detail all information and statements . . . which identifies a list of all letters Plaintiff sent to Defendant and all

3

letters Defendants sent to Plaintiff." Ocwen responds, as before, that it has provided its comment log showing all communications sent to or had with Shepherd. Ocwen further states that it does not retain copies of computer-generated letters, nor does it have any record of actual conversations with Shepherd.

The response is sufficient, no further response need be made to this interrogatory.

In <u>Interrogatory No. 9</u>, Shepherd asks Ocwen to "Identify and state in complete detail all statements and information . . . which formed the basis for statements Defendants made in all letters written by Defendants' agents to Plaintiff." This interrogatory is confusing, and any respondent would have difficulty understanding exactly what Shepherd is seeking. Nonetheless, Ocwen responds that the first payment due date was September 2, 1998; the documents in their file have been listed in response to Request for Production No. 2; and that Shepherd did not pay her loan according to the terms of the note.

The response is appropriate and the Court requires no further response to Interrogatory No. 9.

<u>Interrogatory No. 10</u> seeks ". . . all information and statements . . . regarding all procedures of transferring and selling a Loan." In response, Ocwen states that it services loans based on terms and conditions stated in the promissory note and mortgage, that it does not own the loan, nor did it receive or transfer the loan. Additionally, by previously agreeing to provide training manuals concerning policies and procedures, and having those manuals inspected at Ocwen's counsel's office, the Court determines that no further response to the interrogatory is required.

In <u>Interrogatory No. 11</u>, Shepherd asks Ocwen to state why it believes it has not violated the Fair Debt Collections Act, breach of contract or the Unfair Trade Practices Act. This is an

4

appropriate contention interrogatory; however, contention interrogatories may not properly be served until the close of discovery.

The Court determines that while Shepherd may appropriately ferret out an opposing party's legal theories, it is premature to serve contention interrogatories, and, therefore, the Court will not require a response at this time. Contention interrogatories may be served close to the end of discovery.

In addition to Shepherd's claims that Ocwen failed to adequately respond to interrogatories, she advances similar claims to Requests for Production.

Request for Production No. 1 is for production of copies of all documents in Shepherd's loan file. In response, Ocwen indicates that it produced numerous documents in Shepherd's loan file. A review of the response, however, does not indicate whether any other non-privileged documents were not produced. Thus, to the extent that Ocwen has not produced all non-privileged documents, those should be produced. However, if Ocwen has produced all documents, save for privileged documents, then no further production is necessary under Request No. 1.

Request for Production No. 2 concerns the policy and procedures for collection of delinquent loan payments. As previously noted, Ocwen agreed to make available its policy manuals for inspection at its offices, subject to a confidentiality order. No further production is necessary.

Request for Production No. 3 also deals with policies and procedures concerning loan transfers, sales and servicing policies. Ocwen responds, after a litany of general blanket objections, that it was a loan servicer and that the loan in question was not sold to Ocwen. It never responds, however, whether it has manuals relating to policy and procedures on loan transfers. To the extent that Ocwen does have manuals outlining policies and procedures on loan transfers as requested, they

5

are to be made available for inspection under the terms of the confidentiality order.

In Request for Production No. 4, Shepherd asks for the original loan instrument and promissory notes. Ocwen responds that it is not in possession of those documents and utilizes only its loan servicing file for purposes of servicing loans. Pursuant to prior requests for production, those documents were provided to Shepherd.

The Court determines that no further response to Request for Production No. 4 is necessary. Moreover, the Court cannot require a party to produce those documents which it does not have in its possession, custody or control. Ocwen has stated that it does not have any original documents, and the Court cannot order them to be produced.

In Request for Production No. 5, Shepherd asks that Ocwen "Produce and provide a complete copy of any secondary supervisory files kept during the course of administration of Plaintiff's Loan." Apart from its general, blanket objections, Ocwen correctly notes that the request is vague. It states it does not have files it calls or refers to "secondary supervisory files," and, indeed, the Court has no basis to determine what a secondary supervisory file is.

The Court sustains the objection and will not require any further production under this Request.

In Request for Production No. 6, Shepherd asks for "copies of all documents, tapes, memos, emails, computer information regarding Plaintiff's Loan." Ocwen produced its comment log to Shepherd and states that it has no tapes and the only e-mails known to exist concerning communication between Ocwen's counsel and local counsel. Ocwen further states that payment history and comment log records have been produced and, with this disclosure, the Court determines that no further production is necessary.

Finally, Shepherd contends that Ocwen's admissions and denials are insufficient.

In <u>Request for Admission No. 1</u>, Shepherd asks Ocwen to admit or deny if it is the holder in due course. Ocwen denied the request. The response is clear and unambiguous. No further supplementation is necessary.

The same is true for <u>Request for Admission Nos. 2, 3, 4 and 5</u>. Ocwen has stated in clear, unequivocal terms that it denies the requests. No further response is necessary.

In <u>Request for Admission No. 8</u>, Ocwen was asked to admit or deny whether it was contacted by Shepherd in a letter and asked not to contact her and to correct the due date. Ocwen denies this Request, stating, "the letter stated not to contact the Plaintiff until Defendant Ocwen had `fixed the due date on the 22nd.'"

In making a denial, a party is privileged to explain its reason for a denial. The Court determines that no further response is necessary.

In <u>Request for Admission No. 9</u>, Shepherd asks Ocwen to admit or deny whether it "sent Plaintiff a Past Due Notice threatening adverse credit reporting action and a Formal Demand Notice." Ocwen does admit "that on February 22, 2001, it sent Shepherd a Past Due Notice containing a statement a failure to pay as stated in the Notice 1may result in adverse credit reporting' and `in the issuance of a formal demand notice.'" The Court determines that the admission and denial is sufficient and no further response is necessary.

In <u>Request for Admission Nos. 12, 14 and 15</u>, Ocwen was asked to admit or deny the statement, and in Request No. 12, it clearly and unambiguously denied the request. In Request No. 14, it denied the request both as to a legal conclusion and factually; and in Request No. 15, it denied the request based on the document provided to Ocwen by Aurora for the loan servicing.

7

Based on the Court's review of the Requests for Admissions, the Court determines that they are sufficient and no further response is necessary.

Shepherd's request for costs and fees is denied.

_____
Lorenzo F. Garcia
United States Magistrate Judge