# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GWEN SHEPHERD,

    Plaintiff,

v.                                     CIV 01-0336 WJ/LPG-ACE

OCWEN FEDERAL BANK, FSB, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT OCWEN FEDERAL BANK FSB'S MOTION TO STRIKE

THIS MATTER comes before the Court pursuant to Defendant Ocwen Federal Bank FSB's Motion to Strike Statements in Plaintiff's Response to Defendant Aurora's Motion for Summary Judgment and Affidavit Attached Thereto as Exhibit H [Docket No. 112].

Plaintiff's Response that is at issue in this motion is Docket No. 97. The relevant portion of that document basically asserts that Defendants in this case are frivolously defending against Plaintiff's claims because they know that Plaintiff will win this case. In support of this assertion, Plaintiff's counsel attempts to inform this Court of a communication between counsel for Defendant Aurora and counsel for Defendant Ocwen that was accidentally overheard by someone in Plaintiff's counsel's office. Plaintiff also attaches an affidavit of the person who allegedly overheard the communication. Defendants deny that this communication took place, assert that any such communication was privileged, and assert that the attempt to use any such communication violates the standards of professionalism adopted by this Court in Local Rule 83.9.

Plaintiff bears the burden of proving her claims and Defendants are entitled to put Plaintiff to that burden notwithstanding any belief their attorneys may have regarding the merits of the case. Additionally, the beliefs of Defendants' attorneys are not admissions, are not relevant to this case, and any evidence of these beliefs is not admissible. The communication, if it took place, was privileged. The fact it was overheard does not, under the circumstances here, destroy the privilege.

Additionally, this Court believes that standards of professionalism clearly counsel against continuing to listen to a communication intended to be confidential among or between others and to forego the use of any such information accidentally received or overheard. The parties are reminded once again that they are all expected to conduct themselves in accordance with the highest standards of professionalism. Parties have been previously reminded of the Court's expectations on this point and should take notice that this Court has lost its patience and willingness to further tolerate conduct not in accordance with Local Rule 83.9.

IT IS THEREFORE ORDERED that Defendant Ocwen Federal Bank FSB's Motion to Strike Statements in Plaintiff's Response to Defendant Aurora's Motion for Summary Judgment and Affidavit Attached Thereto as Exhibit H [Docket No. 112] is hereby GRANTED.

_____
UNITED STATES DISTRICT JUDGE